N THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| WAYNE A. HUSSAR, II, SANDRA HUSSAR, WAYNE A. HUSSAR, III,<br><br>Plaintiffs,<br><br>vs.<br><br>MOTEL 6,<br><br>Defendant. | CV 23-128-BLG-SPW<br><br>ORDER |

Plaintiff Wayne A. Hussar, II, filed a handwritten Complaint on behalf of himself, Sandra Hussar, and Wayne A. Hussar, III. (Doc. 1.) Liberally construed, Mr. Hussar alleges Motel 6 in Billings, Montana, illegally discharged employees and failed to adequately reimburse them in violation of Montana state labor laws. (*Id.* at 1-3.) Mr. Hussar is a state prisoner proceeding pro se.

## I. Motion to Proceed in Forma Pauperis

Mr. Hussar indicates that he is unable to pay court costs but has failed to file a motion or an accompanying account statement as required by 28 U.S.C. §1915(a). This matter will be dismissed without further consideration of whether or not to grant Mr. Hussar IFP status.

1

## II. Screening Requirement

Mr. Hussar is a pro se prisoner, accordingly this Court must review his Complaint. *See* 28 U.S.C. § 1915A. This requires the Court to dismiss a complaint filed by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* Sections 1915A(b) and 1915(e)(2)(B).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under modern pleading standards, Rule 8 requires a complaint to "contain a sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than…unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted).

The Court liberally construes the pleading to determine whether a case should be dismissed for failure to plead sufficient facts to support a cognizable

2

legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual and legal basis. *See Jackson v. Arizona*, 885 F. 2d 639, 640 (9th Cir. 1989)(discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded on other grounds by Lopez v. Smith*, 203 F. 3d 1122 (9th Cir. 2000).

### III. Factual Allegations

Mr. Hussar is currently incarcerated at Crossroads Correctional Center. He claims that he was fired from the Motel 6 after management believed him to have punched a hole in the bathroom door of one of the motel rooms. (Doc. 1 at 3.) His vehicle was then towed from the property. (*Id.*) As a result of the incident, his wife and son were also fired from their employment at the motel. (*Id.*)

He alleges he was fired without justification, in violation of state law. (*Id.* at 1.) He also asserts he is entitled to back pay, compensation, a 1996 Lincoln Town car, and a 2020 Kawasaki Ninja motorcycle. (*Id.* at 1-2.) He asks this Court to award court costs and fees, including his own "paralegal fees." (*Id.* at 2.)

### IV. Analysis

To state a plausible claim under the civil rights statute, a plaintiff must allege a violation of two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *Crumpton*

3

*v. Gates*, 947 F. 2d 1418 (9th Cir. 1991). The "color of law" or "state actor" requirement is "a jurisdictional requisite for a § 1983 action." *West v. Atkins*, 487 U.S. 42, 46 (1988); *Gritchen v. Collier*, 254 F. 3d 807, 812 (9th Cir. 2001). "[P]rivate parties are not generally acting under color of state law." *Price v. State of Hawaii*, 939 F. 2d 702, 707-08 (9th Cir. 1991), *cert. denied*, 503 U.S. 938 (1992). The Court must "start with the presumption that private conduct does not constitute governmental action." *Sutton v. Providence St. Joseph Medical Center*, 192 F. 3d 826, 835 (9th Cir. 1999).

As a preliminary matter, Mr. Hussar only references a violation of state law. He fails to allege that his federal constitutional rights were violated. Thus, he cannot make the first essential showing of a civil rights claim. His relief, if any, lies in state court.

Next, Mr. Hussar seeks to sue a private business for its purported acts relative to his firing. As set forth above, to state a section 1983 claim against this Defendant, Mr. Hussar must plead facts sufficient to raise a reasonable inference that the Defendant's conduct involved state actors. He has failed to do so. In his complaint Mr. Hussar only alleges private conduct. But the state-action element in section 1983 excludes from its reach merely private conduct, no matter how wrongful. *See Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F. 3d 806, 812 (9th Cir. 2010). The Defendant is not a state actor under section 1983. While Motel

4

6's alleged conduct is no doubt upsetting to Mr. Hussar, it is not actionable in federal court under section 1983.

28 U.S.C. § 1915A requires the dismissal of a complaint that fails to state a claim upon which relief may be granted but does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

Mr. Hussar has failed to state a claim upon which relief may be granted. He alleges no violation of federal law, and the named defendant is not a state actor subject to suit under section 1983. These are defects which could not be cured by amendment; leave to amend would be futile. This matter will be dismissed.

### "Strike" under 28 U.S.C. §1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or failure to state a

claim. 28 U.S.C. §1915(g). Mr. Hussar has failed to state a claim upon which relief may be granted and his pleadings are frivolous and present an "obvious bar to securing relief." *Washington v. Los Angeles County Sheriff's Department*, 833 F.3d 1048, 1055 (9th Cir. 2016)(*quoting ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014)). The dismissal of this case will constitute a strike. *See* 28 U.S.C. §1915(g).

Based upon the foregoing, the Court issues the following:

### ORDER

1. This matter is DISMISSED. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court is directed to have the docket reflect that the Court certifies that, pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure, any appeal of this decision would not be taken in good faith.

4. The Clerk of Court is directed to have the docket reflect that this dismissal counts as a strike because the Complaint fails to state a claim upon which relief may be granted.

DATED this 8th day of January, 2024.

Susan P. Watters
United States District Court Judge